### 36304. SPARKS *v.* THE STATE.

GARDNER, P. J. The defendant was convicted on a three-count accusation of public indecency. He filed a motion for new trial on the statutory grounds and later amended by adding two special grounds. The motion was denied and it is on this judgment that the case is before this court for review.

1. As to the general grounds, the evidence is morbid, and no good purpose can be served by reiterating it here. Suffice it to say that it is amply sufficient to sustain the verdict as to the general grounds.

2. Special ground 1 assigns error because the court allowed the State to introduce evidence, over objections, in the form of Kleenex tissues found in the car of the defendant. It is contended that these tissues were not introduced to rebut any evidence of the defendant, but were new evidence, and that it was erroneous to admit the tissues in evidence. Special ground 2 contends that the said Kleenex tissues were irrelevant and immaterial in the trial of the case. The defendant in his statement stated that he had oil all over his hands; that he wiped his hands on a "dirty piece of khaki rag, I believe it was." On the occasion in question Mrs. Charles M. Ross testified that the defendant was in a compromising position in the car; that he pulled up his undershirt and massaged his stomach, looked straight at the witness; that the defendant's trousers were open.

The Kleenex was turned over to a laboratory for an analysis of the material contained thereon. The laboratory pathologist, after outlining his extensive medical and pathological education and experience, testified that the laboratory examination showed the material on the Kleenex to be highly suggestive of that type of spermatozoa known as semen, produced as a result of the male sexual climax. The witness testified that he did not find the tail but only the head of the gene on the slide; that the head did not suggest any other type of cell. On cross-examination he admitted that he could not positively identify the material as spermatozoa but he insisted that the six slides he made showed no indications of other type of spermatozoa. The Kleenex was properly introduced in rebuttal, since, according to the defendant's statement, he used unidentified "rags,—I think," on which to wipe his hands. The Kleenex tissues were found in the defendant's car. These two special grounds show no cause for reversal.

Since the alleged excessiveness of the punishment was raised for the first time in the brief of counsel for the defendant, this court cannot consider this contention.

The evidence being sufficient, and no error of law appearing, the court did

not err in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., Carlisle, Quillian, and Nichols, JJ., concur. Townsend, J., dissents.*

DECIDED JANUARY 14, 1957.

*Joe W. Rowland,* for plaintiff in error.

*H. T. O'Neal, Jr., Solicitor,* contra.

TOWNSEND, J., dissenting. The special grounds of the motion for a new trial complain of the admission in evidence by the State of certain Kleenex tissues found in the defendant's automobile. They were introduced as rebuttal evidence following a statement by the defendant that he had wiped oil from his hands on a piece of khaki rag in his automobile, and were not competent for that purpose since no oil was shown to have been on the Kleenex tissues. Their introduction in evidence was prejudicial for the reason that the pathologist at the Macon Hospital testified that the Kleenex, which was shown to have come from the defendant's automobile was examined by him for male semen; that in order to identify this substance it was necessary to find both the head and the tail of the spermatozoa; that the material on the tissue was suggestive of semen and he did not find these, although he did find structures which appeared to be the head, he could not say what it was.

Under these circumstances the testimony failed to identify the substance on the Kleenex as being the product of male ejaculation, and allowing the tissue in evidence was most harmful as allowing the jury to believe the substance was present when the testimony as given would not authorize this conclusion.